The plaintiff, who was the sheriff of Warren County, claimed title to the horse by virtue of a levy, under three fi. fa's. in his hands against one Thomas H. Christmas, whose property the horse then was. Two of thesefi. fas. purported to be issued by the clerk of Warren County court, 23 January, 1839, and were endorsed by the sheriff "to hand the 23rd of Jan'y., 1839." The other purported to be issued the day following, and was endorsed "to hand" on that day; and all were levied upon (592) Christmas's property, including the horse in question. These executions were all tested of the November term, 1838, of Warren-County court, and were returnable to the ensuing February term, 1839. The plaintiff offered evidence of the delivery of the fi. fas. to him by the clerk, and of his levying upon the horse either on the 23d or 24th of January. The defendant claimed the horse as a purchaser at a constable's sale; and offered in evidence a warrant against Christmas, dated 22 January, 1839, and a judgment and execution thereon, dated 23 January, 1839, endorsed by the constable, "levied on the horse" the same day. The defendant proved further, by the magistrate, that the warrant, judgment and execution were truly dated. He also proved the constable's sale and his purchase of the horse. The plaintiff insisted that his levy was in fact prior to that of the constable, and he offered, for the purpose of showing that the endorsement by the constable was false, to prove that the constable was a man of bad character, not to be trusted in any thing he might say or do; and further, that the warrant had not been served on Christmas, and that he had no notice of it. This evidence was rejected by the court.
His Honor charged the jury that "they were to inquire whether the sheriff in fact levied upon the horse, and when (explaining to them what constituted a levy); also, whether the constable in fact levied his execution, and when — that the endorsements made by the officers were only prima facie evidence of those facts being true; and that they should find their verdict as they might be satisfied as to who made the first levy." There was a verdict and judgment for the defendant, and the plaintiff appealed.
At common law the goods of the party against whom a writ of fieri facias
issued, were bound from the teste of the writ, by which is meant that the writ bound the property as against the party *Page 467 
himself, and all claiming by assignment from or by representation under him; so that a sale by a defendant of his goods bona fide, excepting in market overt, did not protect them from a fieri facias (593) tested before, although not issued or delivered to the sheriff until after the sale. Payne v. Drewe, 4 East., 523; Cro. Eliz., 174; Cro. Jac., 451; 1 Sid., 271. Subject to the foregoing restrictions the property of the goods is not altered, but continues in the defendant till the execution is executed. Lowthel v. Tomkins, 2 Eq. Cas. Abr., 381; Payne v. Drewe, 4 East., 540. If, therefore, the property is levied on and sold under a junior execution, the vendee gets a good title, and the party having the first execution cannot seize them by virtue of his writ first tested;Smallcomb v. Buckingham, 1 Ld. Ray'd., 252; 1 Salk., 320; Comyns, 35; if he could, no person would bid at sheriff's sales. The party who has the execution of the first test, may have his remedy against the sheriff, whose duty it was to execute that writ first, which was first tested. If the sheriff has only levied under the younger execution, and before the sale an elder execution in point of teste comes to his hands, he may, and ought, to apply the property to the satisfaction of the execution bearing the firstteste. Green v. Johnston, 2 Hawks, 309; Jones v. Atherton, 7 Taunt., 56. The above remarks apply to the case where several executions of different dates come to the hands of one officer. But when several executions, issuing from different competent courts are in the hands of different officers (as in the case before us,) then, to prevent conflicts, if the officer holding the junior execution seizes property by virtue of it, the property so seized is not subject to the execution in the hands of the other officer, although first tested. Lord Ellenborough, in delivering the opinion of the court in Payne v. Drewe, held that where there are several authorities equally competent to bind the goods of a party, when executed by the proper officer, that they shall be considered as effectually and for all proposes bound by the authority which first actually attaches upon them in point of execution, and under which an execution shall be first executed. We think that a levy attaches upon the goods in point of execution. The jury, under the charge of the court upon that point, found that the constable made the first levy. We are of the opinion that the sale by him gave the purchaser a good title.
When we say that the property of the goods, notwithstanding (594) the teste of the execution, is not altered, but remains in the defendant until the execution executed, we are not to be understood as saying that the sheriff, after he has made a levy, has not such a special property in the goods as will enable him to maintain trespass or trover against any person who may take them out of his possession: for he may, as he is answerable to the plaintiff to the value of the goods. Wilbraham v.Snow, 2 Saund., 47; Watson on Sheriffs, 191. *Page 468 
We are of the opinion that the judgment on the warrant against Christmas could not be collaterally impeached by evidence that the constable was a man of general bad character, or any other parol evidence. It is a judicial proceeding which is conclusive, unless upon some other proceeding directly to avoid it.
PER CURIAM. Judgment affirmed.
Cited: Burke v. Elliot, 26 N.C. 358; Spillman v. Williams, 91 N.C. 489;Alexander v. Springs, 27 N.C. 480; Dobson v. Prather, 41 N.C. 35;Watt v. Johnson, 49 N.C. 195; McDaniel v. Nethercut, 53 N.C. 99; Islerv. Moore, 67 N.C. 76; Phillips v. Johnson, 77 N.C. 228; Penland v.Leatherwood, 101 N.C. 514; Horton v. McCall, 66 N.C. 162; Grant v.Hughes, 82 N.C. 217; Alsop v. Moseley, 104 N.C. 63.